Our fourth case this morning is Camp Drug Store v. Cochran Wholesale. Good morning. May it please the court, Philip Bach on behalf of Camp Drug. There's two issues on this appeal. The first is the, it's a, well first of all I'd just like to say it's an approved, it's a class settlement that was approved, finally approved without objection from the class members. The appeal is that the judge awarded an incentive award that was actually a disincentive because the amount is less than the named plaintiff could get as an individual. So this court has held numerous times that the point of an incentive award for the class representative in a class action is to induce somebody to participate as a student. So it's not to say that the defendant is not entitled to scrutiny and have to participate and that sort of thing. We're not claiming it's, that $700,000 is a common fund are you? Yes, that it's a equitable settlement fund, yes. Okay. Well that requires overruling Holtzman. Not really because Holtzman is a judgment and Holtzman is based on the American rule. This, in this case the defendant agreed to pay the fees. The judge reduced the fees. That doesn't transform the $700,000 into a settlement fund. It's still security for payment of the claims. It's, I mean the holding in Holtzman is rather categorical. That claims under this statute are individual and it doesn't come within the common fund doctrine of bullying. I understand what Holtzman itself creates a common fund though. It's not whether the claims are common fund claims, it's whether there's a settlement. The settlement fund itself is a common fund to the class members. For example, if 25% of them had submitted claims they would have received less than $125. Holtzman held that the action stems from discrete injuries suffered by each recipient of the junk faxes. Same thing here. It does not create a common fund. So whether by judgment or settlement these are not common fund cases under this statute. Okay. I think you're stuck with that ruling. You're saying it can't be reconciled with bullying but the panel specifically considered that argument. Well, but the panel does talk about the American rule, Your Honor. The point was that the panel said they can't award fees. I'm not suggesting that the fees were appropriately calculated here. I'm suggesting that you need to work within circuit law, which is that claims under the Telephone Consumer Protection Act are claims for discrete individual injuries and that settlements or judgments don't fit within the common fund line of cases. Well, this court... So the amount of money that the defendant puts up to pay those claims is not a common fund and attorneys' fees aren't measured against the total amount. Well, the fees were based as a... This court has said there's two ways of calculating fees in a class action, right? Load star with a multiplier or percentage of the fund. There's no fee I'm not suggesting that the fees were appropriately calculated here. You bargained for $125 per plaintiff, per class member, right? The people who submitted claims each get $125. Right. I mean that was what what you bargained for. That's what the defendant agreed to pay. Far less than the total class members actually filed claims. Only 1,700-some plaintiffs actually submitted claims. And the district court here assessed the one-third attorneys' fees against that total instead of against the $700,000. But under our decision in the Pearson case, there's a fairer way to evaluate attorneys' fees that doesn't come out of the plaintiff's recovery, where the plaintiff's recovery was specifically capped. Okay, yeah, these fees didn't come out of plaintiff's recovery either. These fees come out of the unclaimed monies. So everybody gets their $125. They don't get 125 less fees. They get $125. The fees are coming from the unclaimed money in the fund by agreement of the defendant, not through a fee shifting, and not from the people who claimed. It's coming from the money that wasn't claimed. My point is that the measure of the one-third came out of the the amount of filed claims, the total amount of filed claims. That's how the the court got to the 70-some-odd thousand dollars, right? She just took one-third of 220 or whatever the filed claims were. Am I misreading that? Yeah. And then she added that on. Yeah, that's what the court said. So it said it was awarding a third, and then it actually awarded 25%. Right. Because of the way it calculated it. But the point is that this court, then Holtzman v. Terza has reversed all of the Seventh Circuit case law on class action settlements, except if it's a case by a uniform party of people, say the prisoners in the jail are that the heat is turned down too low. Otherwise, every case about any kind of damages for credit card fees or cell phones or any kind of thing where everybody has their own claim and they're aggregated pursuant to Rule 23 can't result in either a common fund judgment or a common fund settlement. Well, there's a middle ground, and the middle ground, I'm suggesting, is derived from the Pearson case, which needs to be read in the context of the Holtzman decision. And Pearson suggests that the appropriate way to handle the calculation of the one-third recovery, if that's what the court is going to use instead of lodestar, is to take the value of the filed claims, right? That's the 220 some-odd. And then the attorney's fees that you negotiated for and the defendants agreed to pay, which is what, $233,000? Plus the incentive award that you negotiated for and won and the defendant agreed to pay, that's $30,000, right? No, the judge awarded $1,000. I understand that, but I'm talking about what you won in your negotiations and what the defendants agreed to pay, not the cap, the $700,000 cap. That's just security for payment of claims. I'm talking about what you won in these negotiations. You won $125,000 per plaintiff, I'm sorry, $125 per plaintiff, plus $233,000 in fees and $15,000 per named plaintiff. Okay. Is that right? Well, I mean, that was the proposed settlement. Right, that's what you bargained for, that's what you won, that's what the defendants agreed to pay. So you add those things up. Okay. And then you take one-third of that. Okay, well I understand that calculation. The problem is, why does the court approve? It ignores the benefit conferred and made available to the people who didn't submit claims. Their claims are still released. They are benefited by an injunction. So they get a notice, the judge approves the person. Unlike Pearson, there's no receipts or memory needed or anything like that. It's a one-page claim form. All you have to do is say whether it was your fax number at the time they were sending faxes, and you qualify for a payment. So it's really unlike Pearson, and Pearson wasn't the TCPA claim, obviously. Right, that's why I'm saying that the Pearson case has to be read in the context of Holtzman, which says that these claims under this statute are not common fund type claims and shouldn't be treated that way for purposes of settlement. And the way to reconcile that is when the judge decides that the fees are excessive and the incentive award is excessive, then the class should get the benefit of that, not the defendant. Okay. That means you don't get one-third of $700, you get one-third of what you bargained for successfully, even if the judge isn't inclined to give you all of the fees and incentive awards that you won from the defendant. Okay, so the judge did not find the fees excessive. She said that she was bound by TIRSA to only award fees based on a percentage of the fee. Right, and that was a mistake. And the amount did not go, I'm sorry, the amount doesn't go to the class, it just goes back to the defendant. Right. It seems to me that if the notice is good, and the relief is good, and the method of getting it is good, and the settlement's approved, I don't understand the point of making that all available. Why not reject the settlement? If the settlement's not good enough, reject the settlement. But don't say it's good enough for the class, all these people who didn't submit claims didn't get a benefit, I didn't confer any benefit on them. It must be the view of the court, even though they did get an injunction and they didn't opt out or object. And it's a class of businesses, it's not a class of uneducated people, or children, or elderly people, it's a class of pharmacies. And these people get the thing, they look at it, they decide whether they want to submit a claim. Some of them do, some of them don't. Here, 54% of the amount allocated to claims was claimed, so it's a pretty good claim. But the fewer claims would be the better for you under your formula. If they're only half as many as did file claims, you would still claim that you should get what's left over of the 700,000. No, no, we didn't claim we'd get the leftover, we just said we would get a third of what we made available. We just go and negotiate with someone and come forward and say, Judge, look, here's what we got. No matter how many claims you got, you get a third of what you made available. Even though there would be fewer, what I'm looking at is, if only half as many people made claims for 125, you'd still get a third of what was made available, is that what you're saying? Well, that's what this court's case law has said for the last 30 years. If the claims had been higher, the judge could have reduced the fees and said, well, look at all these people who submitted claims, I'm gonna reduce your fees and make sure everybody gets their claims. Here, that didn't happen. She just reduced the fees and gives it back to the defendant, who agreed to pay. The defendant agreed to pay. The class agreed we should get paid. Nobody objected, and somehow it's because of the combination of the statute, the type of statute or something, even though there's lots of statutory claims, including securities claims, where everybody's individual and they're aggregated into a class. And this isn't a jurisdiction issue, this is an issue of how do you award the attorney's fees in a class action. My time is up, Your Honor. Thank you. Thank you. Mr. Andre? Good morning. May it please the Court, Ross Andre of Troutman Sanders in Atlanta, on behalf of the Appellee Cochran Wholesale Pharmaceuticals. Like our brief, Your Honor, I will keep this brief. We are in a unique position in this appeal, which is that we take no position either way on the arguments raised by the appellant. I would love that I were in a position to argue something before this Court, but unless you all have specific questions, I think that's the sum total of what I can say. Thank you. I now appear in the Seventh Circuit. Thank you, Your Honor. All right. Thank you. Anything else, Mr. Pack? No. Okay. All right. Thank you. Thanks to all counsel. The case is taken under advisement.